Sophie Lipinska, Appellee, v. The Alliance National
Bank, Appellant.

Gen. No. 31,531.

1. BANKING—*inferences from size of deposit.* No inferences can
be drawn against a depositor in her suit against a bank for failure to
credit her with the full amount of a deposit, from the large size of
the deposit or its being deposited by a friend, on a showing that she
frequently made deposits in that way of near that amount and had
ample income to do so.

2.  BANKING—*grounds for crediting deposit contrary to ledger.*  In an action by a depositor to secure credit for the alleged full amount of a deposit, only a small part of which was credited to her on the books of the bank, the entry of the full amount in her pass book and the testimony of the one who made the deposit that the full amount was deposited made the judgment for her proof against reversal in spite of the bank teller's evidence and the bank ledger entry showing a much smaller deposit.

Appeal by defendant from the Circuit Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1926. Affirmed. Opinion filed October 19, 1927.

RATHJE, WESEMANN, HINCKLEY & BARNARD, for appellant.

HARRY BROWN and MILTON O. NARAMORE, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

The defendant, The Alliance National Bank, was a corporation operating in the city of Chicago and performed a regular banking business, and among other departments had a savings department. The appellee, Sophie Lipinska, was a depositor of the bank and had been for a considerable space prior to the time of the deposit of the amount involved in this litigation. It appears that the appellee did not have a checking account in said bank, but that her dealings were confined to her deposits in the savings department. Her first deposit was made January 14, 1922, and the deposit in question was made October 23, 1923. Appellee's cause of action was in assumpsit, to recover from the bank the sum of $8,000, under a deposit alleged to have been made by her on October 23, 1923, and which she claims was a deposit in full of $9,400, but which appellant claims was only $1,400. A jury was waived by the parties on the hearing below and the cause tried to the court, resulting in a verdict and judgment of $8,000 in favor of appellee.

There are no questions of law involved in the proceeding. The matter is purely one of fact, as to whether or not the deposit was $9,400 or $1,400. In view of the size of the deposit and particularly in view of the fact that the deposit consisted of currency, it is well to consider the dealings of the parties prior to that time and appellee's custom in the making of her previous deposits and her ability to make a deposit of the size in question, as bearing on the probability of the truth of her contention. The record, as shown by her deposit book and concerning which there is no question, except as to the one item involved, shows from January 14, 1922, up to and including November 13, 1923, a large number of deposits ranging in amount from $1,000 to $10,478.18. The average amount of each deposit was apparently in the neighborhood of between $5,000 and $6,000. Appellee, herself, testified that she was a physician, practicing in the city of Chicago, with offices on Milwaukee avenue; that she was a medical graduate and had been practicing for approximately 20 years; that she had a large number of patients, sometimes running as high as 100 to 125 in a day; that she was in the habit of keeping the payments made by them until there was a considerable sum accumulated, and she would then send these deposits to the bank by somebody acting as her agent in that regard. It further appears from the testimony, and is not controverted, that she had large savings account in three or four other banks in Chicago; that she was the owner of several apartment buildings, which provided her with a large rental, and from all the circumstances in evidence, this court is of the opinion that the depositing of this amount in currency and small bills was not an unusual occurrence, and that no inference could result from such deposit, against appellee, by reason of the manner in which it was deposited or the amount involved. She further testified that she recalled the making of

the deposit and that she, herself, never went to the bank; and that she had called Mrs. Becker, who made the deposit for her, on the night previous to the day in question; and that she gave her the $9,400; that she counted the money and it was in $300 packages; and that it was a very large bundle when the packages were finally prepared for Mrs. Becker to take to the bank. She further testified that there were no checks in the deposit of $9,400, and that the bills were fives, tens and twenties. She had been solicited to become a stockholder of the bank, and did so and was a stockholder at the time of this proceeding. She testified further that upon the return of her book which contained a memorandum of her deposits made by the bank, she examined it and found there was a deposit of $9,400, as of October 23, 1923, credited to her account in said bank, and that this was the book returned to her by Mrs. Becker. It is conceded that the deposit book of the appellee contains this item for this amount.

Mrs. Becker, who made the deposit for appellee, testified that she had known the appellee for 18 or 20 years; that she had had business transactions with her and had made deposits for her, prior to the deposit in question. She stated that she recalled the deposit of October 23, 1923, and that it consisted of a large bundle, made up of packages of $300 each, all in currency; that the window was opened by the teller to permit the bundle to be passed over and counted; and that after he had counted the money he had stated to her there was $9,400. Mrs. Becker stated that she had understood there was $9,300; that she thereupon called Dr. Lipinska on the telephone and told her of this fact and the doctor said it was all right, that it was $9,400. She further testified that there were 31 packages, made up, as she understood it, of $300 each. She further testified that the teller, after counting the money, returned the savings book to her with the entry now contained therein; that on November 13,

about three weeks later, she again made a deposit on behalf of the appellee, at The Alliance National Bank, of over $8,000.

The matter remained in this situation until about April or May, 1924, at which time Charles Nowinski, a real estate agent in Chicago for a number of years, and acting as agent in the management of some of appellee's real estate holdings, was sent to the bank to withdraw $16,000. He talked with a Mr. Adams, connected with the bank, who, after a few minutes, returned and said there must be some mistake as the doctor did not have as much money as that coming to her. This witness testified that appellee's total rentals from property were approximately $120,000 a year. The bank apparently began an investigation of its records, and the witness, Nowinski, accompanied by Mr. Rushkewicz and two other men, then went to the doctor's office. At this meeting it appears there was some talk about the conduct of the teller and his liability, if any, and the witness Rushkewicz stated that in this conversation appellee said that she did not know whether the deposit was $1,400 or $1,300; that she didn't know much about it. This conversation, however, was denied by appellee although she admitted the parties had been to see her, but stated she told them the deposit was $9,400. Nowinski corroborates her in this; that nothing was said by her about the amount being $1,400.

The bank records consisted of a ledger sheet in the name of appellee. It shows a deposit on October 23, 1923, of $1,400, leaving her with a balance at that time to her account of $23,235.99. Appellant also introduced in evidence, as part of the bank's records, a deposit slip showing a deposit by Sophie Lipinska, on October 23, 1923, of $1,400; but the same deposit slip contains a memorandum to the effect that her balance was $31,235.99. The difference between the balance, as shown by this deposit slip and the balance

as shown by the ledger of the bank, would be $8,000, the amount in controversy.

Anthony Karoleski, the teller, testifying as to the occurrence on October 23, stated that he recalled a deposit made by Sophie Lipinska, but that he did not know Mrs. Becker; that he wrote the deposit slip in the forenoon; that he recalled Mrs. Becker making a deposit on October 23, 1923; that he counted the money and saw that it was $1,400; that he asked her what the amount was and she said it was $1,300; that he then told her there was a difference of $100, and asked her to call up Dr. Lipinska, which she did. He further testified that the deposit notation in the pass book was in his handwriting; that the denominations of the currency were fives, tens, and singles; that there were no checks; that the money was done up in a package and wrapped up in bundles and tied up in a newspaper; that he recalled that at the time of the entry he looked at it sideways and took the one for a nine, and that the amount of the balance on the deposit slip he took from the pass book; and that the first time he knew there was any discrepancy in the amount was sometime in July of the next year, or about nine months after, when it was called to his attention by the bank.

From the foregoing facts it would appear that two witnesses have testified positively as to the amount of the deposit made on October 23, and that it was $9,400. In addition to this the pass book bears the notation of $9,400 as having been deposited on that date, and the deposit slip made out during the day, while bearing the number $1,400, also bore the balance of $31,235.99. Opposed to this is the testimony of the teller who testified that the amount was $1,400; that the notation of $1,400 on the book was made by him after the deposit had been made on the forenoon of that day; that he had taken the balance which appears on the deposit slip, from the pass book and that he had made a mistake in entering the amount in the pass book,

by mistaking the figure one for a nine. As a circumstance, it also appears that the appellee made a further deposit, within three weeks, of over $8,000 made up of small bills; that the amount was allowed to lie in the bank until April or May of the following year before she made any attempt to withdraw it and called their attention to it. It must also be borne in mind that the teller must necessarily have taken in a large number of deposits from October 23, until this matter was called to his attention the following year, and his testimony must, therefore, be considered in connection with the volume of business done by him.

As we view it, it was purely a question of fact which was passed upon by the trial judge, who had the benefit of seeing and hearing the witnesses, and it is impossible for this court to say, as a matter of law, that the facts are so manifestly against the weight of the evidence as to require a reversal of the judgment by this court, and for that reason, the judgment of the circuit court is affirmed.

*Judgment affirmed.*

TAYLOR, P.J., and HOLDOM, J., concur.